


UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

THOMAS POWERS,

Defendant.

---

**REPORT, RECOMMENDATION AND ORDER**

Criminal No. 07-CR-103(A)(M)

This case was referred to me by Hon. Richard J. Arcara for supervision of all pretrial matters pursuant to 28 U.S.C. §636(b)(1)(A) and (B) (Dkt. #64). Before me are defendant's pretrial motions directed at the superseding indictment (Dkt. #67) and the government's cross-motion for discovery. The government's response (Dkt. #71), pp. 16-18. Oral argument was held before me on February 17, 2009.[1] For the following reasons, I recommend that defendant's motion be DENIED to the extent that it seeks to dismiss count 14 of the superseding indictment and renews defendant's previous suppression motions, and I order that it be GRANTED to the extent it seeks leave to file additional motions. I also order that defendant's cross-motion for discovery be DENIED as moot.

**BACKGROUND**

Defendant was initially charged in an indictment with fourteen counts of possession of child pornography in violation of 18 U.S.C. §2252A(a)(5)(B). Indictment dated May 9, 2007 (Dkt. #10). Defendant subsequently moved for the suppression of physical

---

1 Although defendant moved for a bill of particulars, his counsel acknowledged at oral argument that this aspect of his pretrial motions was rendered moot by the government's response.

evidence and statements (Dkt. #19). In a Report and Recommendation dated May 1, 2008, I recommended that defendant's motion for suppression be denied (Dkt. #44). Judge Arcara adopted my Report and Recommendation on July 15, 2008 (Dkt. #55).

A superseding indictment was filed against defendant on November 25, 2008 (Dkt. #63). The superseding indictment charges defendant with thirteen counts of possessing child pornography on or about December 27, 2004 (Counts 1 - 13), in violation of 18 U.S.C. §2252A(a)(5)(B), and one count of receiving child pornography between August 11, 2004 and September 26, 2004 (Count 14), in violation of 18 U.S.C. §2252A(a)(2)(A).

## DISCUSSION AND ANALYSIS

### A. Defendant's Motion for Dismissal of Count 14 of the Superseding Indictment

Section 2252A(a)(2)(A) prohibits "any person who . . . knowingly receives or distributes . . . any child pornography that has been mailed, shipped or transported in interstate or foreign commerce by any means, including by computer." Defendant moves to dismiss count 14 of the superseding indictment, arguing that 18 U.S.C. §2252A(a)(2)(A) is unconstitutionally vague insofar as it fails to defines "receipt". "The question of the prohibited acts is further muddled by contrasting it with the mere possession statute." Affirmation of Jeremy Schwartz, Esq. (Dkt. #67), ¶9. He also argues that the statue "permits arbitrary and discriminatory application because of the disparate sentencing ranges for what appears to be identical conduct. Because there is no obvious distinction between the act of possessing child pornography and receiving it, prosecutors are left with the choice to charge one or the other in any case." Id. at ¶10.

The government responds that similar vagueness challenges to §2252A(a)(2)(A) have been rejected. Dkt. #71, pp. 8-13. It also argues that the conduct underlying the charge in count 14 of the superseding indictment is distinct from the conduct underlying the conduct in counts 1-13 of the superseding indictment. Id. at pp. 13-14.

"A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." United States v. Williams, __ U.S.__, 128 S. Ct. 1830, 1845 (2008). "'A statutory provision will not suffer constitutional invalidation merely because of a lack of complete precision.'" United States v. Marcus, 193 F. Supp. 2d 552, 557 (E.D.N.Y. 2001).

Defendant's counsel conceded at oral argument that he is unaware of any case law finding §2252A(a)(2)(A) to be unconstitutionally vague. The government relies primarily on the Seventh Circuit's[2] decision in United States v. Watzman, 86 F. 3d 1004 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 682 (2007), which rejected a similar argument: "Watzman has not established that §2252A(a)(2) fails either the 'notice' or the 'arbitrary enforcement' tests for unconstitutional vagueness. We have previously rejected the argument that 'the distinction between receipt and possession of child pornography is meaningless, because anyone in possession of child pornography must have received it at some time.'" Watzman, *supra*, 86 F. 3d at 1009. The court explained that "a person who receives child pornography by accident (for

---

[2] The only case from the Second Circuit addressing a vagueness challenge to Section 2252A(a)(2)(A) appears to be Marcus, *supra*. In Marcus, the defendant challenged the statute arguing, *inter alia*, that it did not define what knowledge entails. 193 F. Supp. 2d at 557. However, the court also concluded that "the statute clearly apprises individuals of the nature of the conduct proscribed." Id. at 557-558.

example, if he sought adult pornography but was sent child pornography instead) is not guilty of knowingly receiving it, though he is guilty of possessing it if he retains it." Id.

"While the facts of each case will require a jury to determine whether an individual has, in fact, 'knowingly received' obscene matter, the need for such a determination by the jury does not suggest that a statute is too vague. A statute need not spell out every possible factual scenario with 'celestial precision' to avoid being struck down on vagueness grounds." United States v. Whorley, 550 F. 3d 326, 334 (4th Cir. 2008) (finding that the "receives" requirement of 18 U.S.C. §1462 (importation or transportation of obscene matters) was not unconstitutionally vague).

Section 2252A(a)(2)(A) also does not permit arbitrary and discriminatory application. "It cannot be said that the receiving child pornography statute relies on the discretion of those who enforce it to define its terms. We have recognized that all receivers are possessors but not all possessors are receivers, and so the matter of which crime to charge is not simply a product of the prosecutor's whims, as Watzman suggests. Watzman's conduct violated multiple statutes, but this is unremarkable, . . . , and has no bearing on whether the statute is unconstitutionally vague." Watzman, *supra*, 486 F. 3d at 1010. *See also* United States v. Miller, 527 F. 3d 54, 63 (3d Cir. 2008) ("The evidence required to establish the intent-element of §2252A(a)(2) may be greater than that required to establish the intent-element of §2252A(a)(5)(B) because, while a person 'knowingly receives' child pornography will necessarily 'knowingly possess' child pornography, the obverse is not the case.").

Although I am not bound to follow the Seventh Circuit's decision in Watzman, *supra*, I find its reasoning persuasive. Therefore, I recommend that defendant's motion to dismiss count 14 of the superseding indictment be denied.

**B. Defendant's Motion to Renew His Previous Motions**

"Insofar as count 14 of the superseding indictment is related to the evidence supporting counts 1 through 14 of the previous indictment . . . defendant . . . moves to renew all discovery[3] and suppression related motions as to count 14 of the superseding Indictment." Affirmation of Jeremy Schwartz, Esq. (Dkt. #67), ¶12. Because defendant fails to raise any new evidence or arguments, I rely on the recommendation contained in my previous Report and Recommendation (Dkt. #44) to deny defendant's motion to suppress statements and physical evidence, which was adopted by Judge Arcara (Dkt. #48).

**C. Defendant's Motion for Leave to File Additional Motions**

Defendant moves to "make further motions as the factors and evidence emerge through requested disclosure." Affirmation of Jeremy Schwartz, Esq.(Dkt. #67), ¶12. The government does not oppose this aspect of defendant's motion to the extent that such motions do not include information that should have been known to defendant. The government's Response (Dkt. #71), p. 15.

---

[3] Defendant's discovery motions directed at the initial indictment were denied at the October 25, 2007 proceeding (Dkt. #25).

Therefore, defendant's motion for leave to file additional motions is granted to the extent that any such motions are based upon new information or evidence previously unknown to defendant.

**D. The Government's Cross-Motion for Discovery and Inspection**

The government seeks "the defendant be ordered to produce any and all discovery to which the government is entitled under Rule 16(b)(1)(A),16(b)(1)(B) and 16 (b)(1)(C) of the Federal Rules of Criminal Procedure. The government's Response (Dkt. #71), pp. 16-18. At oral argument, defendant's counsel stated that there is currently no such material in his possession, but that he is aware of his ongoing discovery obligations. Based upon defendant's counsel's representations, I deny the government's cross-motion for discovery and inspection as moot.

**CONCLUSION**

For these reasons, I recommend that defendant's motion (Dkt. #67) be DENIED to the extent that it seeks to dismiss count 14 of the superseding indictment and renews defendant's previous suppression motions, and I order that it be GRANTED to the extent it seeks leave to file additional motions. I also order that defendant's cross-motion for discovery (Dkt. #71, pp. 16-18) be DENIED as moot. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Crim. P. ("Rule") 58(g)(2) and Local Rule of Criminal Procedure 58.2.

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g.*, Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Local Rule 58.2, or with the similar provisions of Local Rule 58.2 (concerning objections to a Magistrate Judge's Report Recommendation and Order), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED: March 13, 2009

JEREMIAH J. MCCARTHY
United States Magistrate Judge